UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60702-CIV-SEITZ/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

COMMODITIES ONLINE, LLC and
COMMODITIES ONLINE MANAGEMENT, LLC,

    Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION TO STAY AND REQUIRING ATTORNEY HORECIA I. WALKER TO SHOW CAUSE

THIS MATTER is before the Court on James Howard and Sutton Capital, LLC's Emergency Motion to Stay the Order Granting Receiver's Motion Requiring Turnover and Disgorgement of Investor Funds [DE-64]. The motion seeks a stay pending his appeal of the Court's Order [DE-39] requiring Howard to disgorge and turnover $1,450,000 of misappropriated investor funds by September 2, 2011. Howard's counsel, Horecia I. Walker, argues a stay is necessary because this Court violated Howard's constitutional rights by entering the August 23, 2011, Order. Walker specifically takes issue with the evidentiary hearing held on August 23, 2011, which counsel refers to in his motion as the "apparent 'evidentiary hearing.'" Mot., p. 5 [DE-64]. Walker basically argues that Howard, who was present at the hearing, was denied due process because the attorney that attended the hearing, Mark C. Perry, did not have time to adequately prepare.[1] Walker posits that the hearing "was not an evidentiary hearing at all" and the Court's Order requiring disgorgement amounts to an abuse of discretion. *Id.* at pp. 5-6. Lost in all of his hyperbole is the simple fact that Howard and Perry received notice of the hearing eleven days before the hearing commenced. *See*

---

[1] Neither Howard nor Perry ever asked the Court to continue the evidentiary hearing. *See, generally,* Transcript of Aug. 23, 2011 [DE-49]. The only request made was for an additional 30 days to turn over the funds. *See id* at p. 9.

Transcript of Aug. 23, 2011, p. 5 [DE-49].[2] With eleven days to prepare, and failing to request a continuance of the hearing, Howard and Perry's silence at the hearing is more likely the result of a litigation strategy than a deprivation of constitutional rights. Granting a stay pending an appeal is a matter of discretion, and, on this record, this Court will not exercise that discretion.

The Court considers the arguments advanced in the emergency motion to raise serious issues. Walker has accused this Court of trampling Howard's constitutional rights and abusing its discretion in entering the turnover Order. The factual underpinnings for these accusations are that Howard and Perry had insufficient time to prepare for the August 23, 2011, hearing. To avoid running afoul of Rule 11, Walker should have investigated these factual circumstances before relying on them to accuse the Court of a constitutional affront. Because it appears to the Court that no such investigation occurred, it is

ORDERED THAT

(1) James Howard and Sutton Capital, LLC's Emergency Motion to Stay the Order Granting Receiver's Motion Requiring Turnover and Disgorgement of Investor Funds [DE-64] is DENIED.

(2) Horecia I. Walker shall SHOW CAUSE in writing no later than **September 9, 2011**, and explain (1) the reasonable inquiry he performed before representing to this Court that James Howard and Mark C. Perry did not have time to prepare for the August 23, 2011, hearing; and (2) the results of that inquiry.

DONE and ORDERED in Miami, Florida this ___ day of September, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

[2] Sometime prior to the August 23, 2011, hearing Howard was deposed in this matter.