UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60702-CIV-SEITZ/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

COMMODITIES ONLINE, LLC
COMMODITIES ONLINE MANAGEMENT LLC,

       Defendants,

_____/

**RESPONSE TO ORDER DENYING EMERGENCY MOTION TO STAY AND REQUIRING ATTORNEY HORECIA I. WALKER TO SHOW CAUSE**

       The undersigned Attorney, Mrs. Horecia I. Walker, pursuant to the Federal Rules of Civil Procedure 11(c) hereby files this her Response to the Order Denying Emergency Motion to Stay and Requiring Attorney Horecia I. Walker to Show Cause and the Declaration of Mark C. Perry, Esq., in support thereof and states as follows:

       1.    On September 2, 2011 this Court entered Order Denying Emergency Motion to Stay and Requiring Attorney Horecia I. Walker to Show Cause (hereinafter "Order to Show Cause").

       2.    The basis of this Court's Order to Show Cause was that the undersigned Attorney ran "afoul of Rule 11" by not performing a reasonable inquiry into her representations to the Court in her Emergency Motion to Stay the Order Granting Receiver's Motion Requiring Turnover and Disgorgement of Investor Funds from James C. Howard and Sutton Capital, LLC., Pending Appeal (hereinafter "Motion to Stay").  That assertion is incorrect.

       3.    The Court, in its Order to Show Cause, has requested the undersigned Attorney "explain (1) the reasonable inquiry s[he] performed before representing to this Court that James Howard and Mark C. Perry did not have time to prepare for the August 23, 2011 hearing; and (2) the results of that inquiry."

4. Reasonableness of investigation under the Federal Rule of Civil Procedure 11(b) must be assessed in light of the circumstance of the case. See <u>In re Yagman</u>, 796 F.2d 1165, 1182 (9th Cir. 1986).

5. Furthermore, a reasonable inquiry requires that counsel interview the available witnesses and prior legal representations. See <u>Wigod v. Chicago Mercantile Exch.</u>, 981 F.2d 1510 (7th Cir. 1992).

6. The Court should take notice that, as Mr. James Howard is not a Defendant in this matter, prior to the Motion for Order Requiring Turnover and Disgorgement of Investor Funds and Memorandum of Law ("Motion for Disgorgement") he had no standing to request discovery of the Plaintiff, Securities and Exchange Commission, in this matter. Whereas, the Plaintiff has been reviewing the evidence relied upon in its Motion for Disgorgement against Mr. James Howard for at least seven months, with the use of multiple experts, Mr. James Howard had not been afforded the same opportunity to prepare for the hearing on the Motion to Disgorge.

7. The undersigned Attorney's office has had several extensive conversations with Mark C. Perry. Esq., regarding his inability to properly prepare for the hearing on August 23, 2011 and the procedures that occurred at that hearing.

8. The undersigned Attorney's office has also had multiple conversations with Mr. James Howard regarding the same prior to filing the Motion to Stay.

9. Upon a determination that the witnesses recollection of the hearing on August 23, 2011 and the events that occurred during and prior to the same hearing corroborated one another, the undersigned Attorney then made a reasonable independent inquiry into the allegations of these conversations by requesting and reviewing the transcript from the hearing of August 23, 2011 (the "Transcript").

10. The transcript from the August 23, 2011 further corroborates the representations made by both Mr. James Howard and Mr. Mark C. Perry, Esq. See <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320 (2nd Cir. 1995) (In relying upon a client's statement the attorney is entitled to rely on the objectively reasonable representation of the client. In determining whether such reliance was reasonable the court must determine whether there was evidentiary support corroborating factual representation.).

11. Furthermore, the undersigned attorney also reviewed the Court docket, relevant motions and pleadings, and requested and reviewed all hearing transcripts relevant to the Motion to Disgorge prior to filing the Motion to Stay.

12. As such, the undersigned Attorney met her affirmative duty of a reasonable inquiry into the representations made in the Motion to Stay.

13. This Court's argument in the Order to Show Cause hinges on the fact that Mr. Perry accepted service approximately eleven (11) days prior to the hearing. The undersigned is aware of the dates of service of process as she extensively reviewed the docket, her office had multiple conversations with James C. Howard and Mark Perry, Esq., and she reviewed the hearing transcripts.

14. However, it is this Attorney's argument and position, on behalf of Mr. James Howard, that as stated Mr. Perry's assertion to the Court on August 23, 2011 and further attested to in his Declaration filed contemporaneously with this Response, that Mr. Perry only agreed to accept service because representations were made to him by the Receiver, or individuals on behalf of the Receiver, that he would be receiving a subpoena for deposition, to which he had no issue of receiving since he had previously represented Mr. James Howard in deposition for an collateral investigation related to this matter. *See* Transcript Page 3, Line 25 thru Page 5, Lines 2-5 and Lines 14-15 and *See* Declaration of Mark C. Perry, Esq., attached hereto as Exhibit A.

15. That Mr. Perry was later informed that he was in fact receiving a Motion for Order Requiring Turnover and Disgorgement of Investor Funds and Memorandum of Law ("Motion for Disgorgement"). *See* Declaration of Mark C. Perry, Esq., attached hereto as Exhibit A.

16. That Mr. Perry accepted the same as a courtesy, as he had not been retained on the matter. *See* Declaration of Mark C. Perry, Esq., attached hereto as Exhibit A.

17. That Mr. Perry later contacted the office of the attorney for the Receiver prior to the August 23, 2011 hearing and indicated that although he would appear, as friend of the Court, for the purposes of the August 23, 2011 hearing that he was in fact not prepared to proceed and would be requesting a continuance. Apparently, this request for a continuance was never relayed to the Receiver. *See* Declaration of Mark C. Perry, Esq., attached hereto as Exhibit A.

18. That Mr. Perry further informed the Court at the time of the August 23, 2011 hearing that he was in fact "not prepared today" and the proceeding to disgorge was nonetheless had. *See* Transcript, Page 3, Line 25 thru Page 4, Line 1.

19. More important than his representations to the undersigned attorney, Mr. Perry owes of duty of candor to the Court in his representation to the Court, as a member of the Florida Bar. As such this Attorney may rely on Mr. Perry's representations to the Court regarding his lack of preparedness for the hearing held on August 23, 1011. *See generally* <u>CTC Imports & Exports v. Nigerian Petroleum Corp.</u>, 951 F.2d 573, 379 (3d Cir. 1991); <u>United States v. Schwartz</u>, 1991 U.S. Dist. LEXIS 239 (E.D. Pa. 1991) (Where Assistant U.S. Attorney relied on sworn statement by revenue offices. This was found to be a reasonable investigation.).

20. That Mr. Perry's representations to the undersigned Attorney, which were relied upon in the filing of the Motion to Stay, are supported in the transcripts.

21. In any case, Mr. Perry never filed a notice of appearance in this matter and although Mr. James Howard was served on August 11, 2011 this Attorney further argues that it would be unreasonable to expect Mr. Howard to retain counsel, have said counsel contact the Plaintiff's Counsel to request and receive all documents relevant to the Motion to Disgorge, review the same and retain experts to review the same in order to adequately prepare for, defend against and rebut the information being presented to the Court within a span of eleven (11) days, for a matter in which the Receiver has had well in excess of seven months to prepare for and review.

22. Similarly, as the undersigned Attorney was retained on Monday, August 29th in response to the Order Granting the Receiver's Motion Requiring Turnover and Disgorgement of Investor Funds from James C. Howard and Sutton Capital, LLC set for that Friday, September 2, 2011 the undersigned was also unable to obtain, evaluate and analyze the evidence relied upon by the Receiver in his Motion to Disgorge within a span of five (5) days in further support of its Motion to Stay.

23. Thus, the thoroughness of an inquiry into 'reasonableness' further depends on the time available for an investigation. *See generally* <u>CTC Imports</u>, 951 F.2d 573 (3d Cir. 1991). In this instance, the thoroughness should be reviewed in light of the time constraints imposed by the Order of Disgorgement, the time at which Mr. James Howard's retaining the undersigned to respond to the same, and the evidence readily available to the undersigned Attorney.

24. The undersigned Attorney made a reasonable independent inquiry into the allegations of Mr. James Howard and Mark Perry, Esq., through the review of the evidence that was readily available to her including interviewing the relevant witnesses, reviewing the dockets and relevant motions, and requesting and reviewing expedited transcripts from hearings relevant to this matter all which this Attorney argues collaborated the assertions of both Mr. James Howard and Mark Perry, Esq., as to the events that occurred at the August 23, 2011 hearing and relied upon in the Motion to Stay.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing her Response to the Order Denying Emergency Motion to Stay and Requiring Attorney Horecia I. Walker to Show Cause and the Declaration of Mark Perry, Esq., was electronically filed and served upon Barclay Cale, P.A., bcale@calelaw.com; James Michael Carlson, CarlsonJa@sec.gov, landualo@sec.gov; and Nina Stillman Mandel, nsmadel@mandel-law.com this 9th day of September, 2011.

Respectfully Submitted,

IVY, MILLER & WALKER, P.A.
700 East Atlantic Boulevard
Suite 201
Pompano Beach, FL  33060
Telephone (954) 691-4554
Facsímile (954) 944-0838

/s/
Horecia I. Walker, Esq.
Florida Bar No: 0822191