UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60702-Civ-Seitz/Simonton

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

COMMODITIES ONLINE LLC and
COMMODITIES ONLINE MANAGEMENT, LLC

        Defendants,
_____/

**RECEIVER'S MOTION FOR ORDER
TO SHOW CAUSE WHY JAMES HOWARD AND
SUTTON CAPITAL SHOULD NOT BE HELD
IN CONTEMPT FOR VIOLATING THIS COURT'S ORDER**

David S. Mandel, in his capacity as Receiver (the "Receiver") for Defendants, Commodities Online LLC and Commodities Online Management, LLC (together "Commodities Online") by and through undersigned counsel, hereby moves this Court for an Order requiring James C. Howard III and Sutton Capital LLC to appear and show cause why they should not be held in contempt for violating this Court's Order. The grounds for this motion are as follows:

       1. On April 1, 2011, the Securities and Exchange Commission filed a complaint for injunctive and other relief and an emergency motion for a permanent injunctions, alleging that the Defendants violated federal securities laws. D.E. 1. In addition, the Court appointed David S. Mandel as Receiver over Defendants (the "Receivership Order"). (D.E. 5). That day, the Receiver assumed control of the Defendants and shut down their operations.

2.Pursuant to the Receivership Order and based upon evidence obtained in this matter, on August 8, 2011, the Receiver moved for an order directing James C. Howard III and Sutton Capital LLC, a company controlled by Howard, to turnover and disgorge $1,450,000 of investor funds that Howard transferred from Commodities Online to Sutton Capital. [D.E. 24].

3.After conducting a hearing on the Receiver's motion on August 23, 2011, the Court granted the motion and ordered Howard and Sutton to turnover and disgorge the $1,450,000 to the Receiver on behalf of the receivership estate by September 2, 2011.(the "Disgorgement Order," D.E. 39)

4.Howard and Sutton have failed to make the requisite payment to the Receiver.

5.Although Howard and Sutton filed a notice of appeal of the Court's order to the Eleventh Circuit Court of Appeals and moved for a stay from this Court, this Court denied the motion for stay. [D.E. 68]. As a result, Howard and Sutton Capital are obligated to comply with the Court's Order and have failed to do so.

## MEMORANDUM OF LAW

Civil contempt is the appropriate sanction for Howard's and Sutton Capital's defiance of this Court's orders. Obedience to judicial orders is a fundamental expectation of our legal system. Courts possess the inherent authority to enforce compliance with their orders through civil contempt. *See e.g., Chambers v. HASCO, Inc.,* 501 U.S. 32, 43-44, 11 S.Ct. 2123, 2131 (1991).

To hold Howard and Sutton Capital in contempt, the court must find:1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; 3) the alleged violator had the ability to comply with the order; and 4) the proof of noncompliance is clear and convincing.

*SEC v. Commodities Online LLC, et al.,*
Case No. 11-60702-Civ-Seitz/Simonton
Page -3-

*CFTC v. Wellington Precious Metals, Inc.,* 950 F.2d 1525 (11th Cir. 1992); *Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991); *Jordan v. Wilson,* 851 F.2d 1290, 1292 n.2 (11th Cir. 1988).

First, there can be no debate that this Court's Disgorgement Order granting the Receiver's motion for turnover and disgorgement is valid and lawfully issued.

Second, the Disgorgement Order is clear and unambiguous – Howard and Sutton Capital were ordered to pay $1,450,000 to the Receiver by September 2, 2011.

Third, Howard and Sutton Capital have not provided any evidence, either before or during the hearing on the Receiver's motion or at any time since then, that they are unable to comply with the Disgorgement Order.

Finally, the proof of noncompliance is clear as shown by the attached declaration of the Receiver.  See attached Exhibit A.

This Court appointed the Receiver in the Commodities Online litigation with the goal of recovering and protecting assets for the benefit of all of the investors and creditors.  Howard's and Sutton Capital's disregard for the Disgorgement Order should not be countenanced by this Court.

*SEC v. Commodities Online LLC, et al.,*
Case No. 11-60702-Civ-Seitz/Simonton
Page -4-

**WHEREFORE**, Receiver David S. Mandel respectfully requests that this Court enter an order directing James C. Howard III and Sutton Capital LLC to show cause why an order holding them in contempt of this Court should not issue.

Respectfully submitted,

MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776

By: /s/ *Nina Stillman Mandel*
_____
NINA STILLMAN MANDEL
  Florida Bar No.: 843016
CAMELLIA NORIEGA
  Admitted Pro Hac Vice

BARCLAY CALE, P.A.
169 East Flagler Street, Suite 1200
Miami, Florida 33131
telephone: (305) 416-3611
Facsimile: (305) 416-3612
**bcale@calelaw.com**

*Counsel for the Receiver, David S. Mandel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF this 12th day of September 2011.

/s/ *Nina Stillman Mandel*
_____
Nina Stillman Mandel