UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60702-CIV-SEITZ/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

COMMODITIES ONLINE, LLC
COMMODITIES ONLINE MANAGEMENT LLC,

    Defendants,
_____/

## MOTION FOR PROTECTIVE ORDER FOR DEPOSITION PRESENTLY SET FOR SEPTEMBER 14, 2011

**Minjo Corporation, Minerales Mexico Iron, SACV, Inc., and Minerales Mexiron, LLC** (hereinafter "the Non-Parties"), by and through the undersigned counsel and pursuant to the Federal Rule of Civil Procedure 26(c)(1) hereby files this their Motion for Protective Order for Depositions Presently Set for September 14, 2011 and in furtherance thereof states as follows:

    1.    Ivy, Miller & Walker, P.A., and/or its partners individually, Rashida M. Ivy, Esq., and/or Horecia I. Walker, Esq., (hereinafter "Law Firm"), have represented the Non-Parties since approximately April, 2011 for the purposes of the collateral investigation related to this matter.

    2.    Consequently, the Receiver, or individuals acting on behalf of the Receiver, (hereinafter "the Receiver") for Commodities Online, LLC and Commodities Online Management, LLC contacted the Law Firm to schedule depositions for the Non-Parties with regard to this matter.

    3.    Counsel for the Non-Parties' and the Receiver agreed to schedule depositions for September 14, 2011.

4. On or about July 27, 2011 the Receiver filed his Notice to Take Depositions of Minjo Corporation. Service of said subpoena was agreed upon and accepted the Law Firm.

5. On about August 1, 2011 the Receiver then filed his Notice to Take Deposition of Minerales Mexico Iron, SACV, Inc., and Minerales Mexiron, LLC. Service was made to a representative of Minerales Mexico Iron, SACV, Inc., and Minerales Mexiron, LLC, as instructed by the Law Firm.

6. However, on or about September 8, 2011, *and after* the coordination of deposition dates, the Receiver filed the 'Receiver's Amended Motion to Disqualify the Law Firm of Ivy, Miller & Walker, P.A.' (hereinafter "Motion to Disqualify") in which it objects to Ivy, Miller & Walker, P.A.'s representation of "James C. Howard, II and Sutton Capital LLC… as well as other former officers or employees of commodities Online in this litigation, or entities related to Commodities Online or other entities owned or controlled by former officers or employees of Commodities Online." This Motion for Protective Order for the September 14, 2011 deposition of the Non-Parties whom are represented by the Law Firm followed.

7. This motion is made for good cause and not for the purposes of delay.

8. The Federal Rules of Civil Procedure 26 (c) (1) provides, in pertinent part, that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> A) forbidding the disclosure or discovery;

9. "To establish good cause, a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *State Farm Fire And Casualty Co., v. Nokes, et al.*, 263 F.R.D. 518 (N.D.Ind.2009) citing *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D.Ind.2003).

10. The Receiver has coordinated and delivered subpoenas to the Law Firm to appear on behalf of the Non-Parties, for which the Receiver *now* argues to this Court the Law Firm is otherwise disqualified from. Essentially, the Receiver wants it both ways, as the Receiver wants this Law Firm to participate in matter which it argues this Law Firm is otherwise disqualified.

11. The Non-Parties have not been afforded any opportunity for determination on the Motion to Disqualify, or the alternative the ability to obtain new counsel should the same be granted.

12. The taking of the Non-Parties' deposition, in this instance, during the pendency of the Motion to Disqualify would constitute oppression and undue hardship to the Non-Parties.

13. In light of the Motion to Disqualify, the Non-Parties are deprived of the advocacy and representation of their present counsel and as such will suffer irreparable harm should the September 14, 2011 deposition be allowed to continue without a ruling on the Motion to Disqualify.

**WHEREFORE**, the Non-Parties, Minjo Corporation, Minerales Mexico Iron, SACV, Inc., and Minerales Mexiron, LLC, respectfully request that this Honorable Court enter an order *granting* this Motion for Protective Order for Deposition Presently Set for September 14, 2011 ordering that discovery not be had with regard to the Non-Parties until such time as the Court makes a determination on the Receiver's Amended Motion to Disqualify the Law Firm of Ivy, Miller & Walker, P.A.

**CERTIFICATE OF GOOD FAITH**

The undersigned hereby certifies that she has in good faith conferred or attempted to confer with other affected parties in an effort to resolve this dispute without court action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Protective Order for Depositions Presently Set for September 14, 2011 was electronically filed and served upon Barclay Cale, P.A., bcale@calelaw.com; James Michael Carlson, CarlsonJa@sec.gov, landualo@sec.gov; and Nina Stillman Mandel, nsmadel@mandel-law.com this 13th day of September, 2011.

Respectfully Submitted,

IVY, MILLER & WALKER, P.A.
700 East Atlantic Boulevard
Suite 201
Pompano Beach, FL  33060
Telephone (954) 691-4554
Facsímile (954) 944-0838

/s/
Horecia I. Walker, Esq.
Florida Bar No: 0822191