UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60702-CIV-COOKE/TORRES

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

COMMODITIES ONLINE, LLC, and
COMMODITIES ONLINE MANAGEMENT,

       Defendants.
_____/

**RECEIVER'S FINAL STATUS REPORT AND**
**<u>MOTION TO CLOSE RECEIVERSHIP</u>**

David S. Mandel, the Court-appointed Receiver for Commodities Online LLC and Commodities Online Management, LLC (together, "Commodities Online" or the Defendants), hereby files this Final Status Report to inform the Court of his activities to date, and moves the Court to enter an order 1) directing the Receiver to take any further actions he may deem necessary to conclude the business of the Receivership; and 2) relieving the Receiver of any further obligations in this matter.

**I.    SUMMARY**

The Receiver believes that he has fully satisfied or, as explained herein, has made the necessary preparations to satisfy his obligations in this matter.  Among other tasks, he has:

    1) marshaled, liquidated and safeguarded all receivership assets;

    2) investigated the business of the Defendants and potential claims that the Receiver might bring on behalf of Commodities Online;

    3) instituted and settled several legal proceedings for the benefit of Commodities Online;

    4) accounted for Commodities Online's funds and filed all required tax returns;

5) established and implemented a claims process; and

6) made a full distribution to all approved claimants in the total amount of $1,759,317.75.

Furthermore, the Securities and Exchange Commission has settled its claims against the Defendants and has advised the Receiver that it consents to the termination of the Receivership as provided herein.  Accordingly, the Receiver files this Final Report and respectfully moves this Court to enter the orders the Receiver believes necessary to conclude this matter.

## II.     FINAL REPORT

### A.     Final Fee Motions

The Court granted the final fee applications of the Receiver, his counsel and his forensic accountants on April 11, 2018.  D.E. 334, 335.

### B.     Procedural Background

As set forth in greater detail in the Receiver's periodic status reports, the filings relating to the claims process, and the motions for approval of distributions (*see, e.g*., D.E. 11, 22, 116, 159, 197, 221, 232, 246, 260, 274, 290, 300, 302, 314, 324, 326), at the outset of this litigation initiated by the SEC, this Court entered a temporary restraining order against the defendants; froze the defendants' assets; and appointed David S. Mandel as Receiver over the Defendants (the "Receivership Order") D.E. 1, 3 and 5.  Subsequently with the defendants' consent, the Court entered permanent injunctions against the defendants. D.E. 7, 8.  The SEC and the United States Attorney's Office pursued separate actions against individuals who controlled Commodities Online, referenced below.

In furtherance of his responsibilities under the Receivership Order and reported to the Court in the periodic status reports, the Receiver pursued several avenues to recoup and regain investor funds that were transferred to third parties.  The Receiver procured the return of $826,185 in funds

purportedly related to iron ore.  The Receiver also recovered more than $22,000 in retainers paid to attorneys to represent certain employees of the Defendants.

In the interpleader action of *Frost National Bank v. David S. Mandel, Receiver for Commodities Online, et al.* no. 2011-40749 in the 215th Judicial District Court of Harris County, Texas, regarding the Receiver's claim for funds relating to purported iron ore dealings, the Court approved the $100,000 settlement of the dispute and the Receivership received the total amount of the settlement.  D.E. 168, 191.

In the disgorgement proceedings in the instant case against James C. Howard, a principal of Commodities Online, the Court ordered Howard to disgorge $1,450,000 of investor funds he had transferred to Sutton Capital, a company he owned and controlled (the "Disgorgement Order"). D.E. 39.  After extensive litigation, hearings and appeals, detailed in the Receiver's status reports, Mr. Howard failed to comply with the Court's Order to make payments to the Receiver and filed for bankruptcy.  D.E. 206, 207.

In the case of *David S. Mandel, Receiver for Commodities Online, et al. v. James C. Howard III, Louis Gallo III, George Saliba, and Martin Vegas,* no. 11-23620-Civ-Cooke, the Receiver brought fraudulent transfer and conversion claims against the defendants seeking more than $5,000,000 based on their involvement in the Commodities Online scheme.  Regarding defendants Howard and Gallo, both defendants were indicted in a related federal criminal case *U.S. v. Howard, et al.,* no. 12-20630-Cr-Lenard.  Both Howard and Gallo pleaded guilty; Howard was sentenced to 189 months' imprisonment and Gallo was sentenced to 168 months' imprisonment.  Both defendants were ordered to pay approximately $19 million in restitution,

jointly and severally with other codefendants and co-conspirators.[1]   Based on the results of the criminal case, the Court granted the Receiver's motion to dismiss without prejudice the civil case against defendants Howard and Gallo.  *Mandel v. Howard, et al.,* 11-23620-Civ-Cooke; D.E. 137.

Regarding defendant Saliba, the Receiver obtained a final default judgment against Saliba in the amount of $2,089,368.00. D.E. 106.  Saliba later filed for bankruptcy, and the Receiver ultimately received a distribution of $2,685.86 from the Saliba estate.  Regarding defendant Vegas, the Court approved the Receiver's proposed settlement with Vegas for $200,000.  D.E. 143.  Vegas failed to comply with the terms, and the Court entered a final consent judgment against Vegas. D.E. 145.

In July 2012, James Howard filed for bankruptcy, no. 12-28313-JKO, Bankr. S.D. Fla; in which the Receiver filed a claim.  Subsequently the Receiver filed an adversary action, no. 14-01659-JKO, Bankr. S.D. Fla, to preserve the receivership estate's rights against Mr. Howard and to protect the receivership estate from any potential marshaling claims by the bankruptcy trustee. The Receiver obtained a judgment from the bankruptcy court that the full amount of Howard's debt to the Receiver was non-dischargeable, but ultimately the bankruptcy estate did not acquire sufficient assets to make any distribution to the Receiver.

In the case of *David S. Mandel, Receiver for Commodities Online, et al. v. Francisco Javier Ortiz Gonzalez,* case no 12-62471-Civ-Dimtrouleas, the Receiver filed a lawsuit alleging fraudulent transfer and civil theft claims.  The parties agreed to settle for $200,000, but the defendant failed to comply with the settlement terms.  D.E. 47, 52. The Court entered a final consent judgment against the defendant. D.E. 54.

---

[1] Michael R. Casey, a co-defendant in the criminal case and a fugitive since 2014, was recently arrested in Mexico and extradited to the United States.  His case remains pending.  Several other individuals pled guilty in the same criminal case or in related cases.

On March 9, 2018, the Court granted the Receiver's motion seeking approval of the sale of final judgments against George Saliba, Martin Vegas and Francisco Javier Ortiz Gonzalez to the highest bidder, SM Financial Services Corporation.  D.E. 328, 333.

Recently, on August 6, 2018, the SEC filed an unopposed motion for entry of judgments of permanent injunction and other relief as to the defendants, which remains pending.  D.E. 336.

### C.      Completion of the Claims and Distribution Process

#### 1.      Claims Process

On October 19, 2015, the Court entered the Order Authorizing Claims Process (D.E. 308). The Receiver sent claim forms to every Commodities Online investor and to other potential claimants and creditors.  The investors' and creditors' identities were ascertained from the numerous files and computer databases seized from the Defendants. The Receiver also published information about the claims process and a downloadable copy of the claim form on the Receivership website, which many claimants utilized.

The Receiver, his counsel and accounting professionals reviewed all the claims and resolved issues relating to many problematic, disputed or deficient claim forms.  On March 9, 2016, the Receiver filed his Omnibus Objections to Certain Claims and informed all claimants and creditors of the Receiver's recommendations regarding their claims. D.E. 311.  Thirty days later, the Receiver filed his Omnibus Report regarding the status of claims together with a Motion for Determination of Certain Claims.  D.E. 314.  Thereafter, the Receiver submitted two supplemental filings to the Court addressing certain claims.  D.E. 317, 318.  On January 11, 2017, the Court held a hearing regarding disputed claims.  The Court granted the Receiver's Motion for Determination of Certain Claims, determining that approved claims were limited to the dollar amount of the investment. D.E. 321, 322.

### 2.     *Distribution Process*

Pursuant to the Court's Orders (D.E. 308, 322, 325, 327), with the significant assistance of Kapila/Mukamal LLP, the Receiver made distributions to the approved claimants on a *pro rata* basis.  The total amount distributed for allowed claims was approximately $1,759,317.75, which constituted a 10.78% distribution rate.  After the distribution, the Receiver, his counsel and his accountants continued to communicate with investors regarding various matters, including confirming addresses, receipt of checks, and similar matters.

### D.     The Receiver Has Accounted for the Assets and Liabilities of the Receivership Estate

The Receiver has marshaled and safeguarded all assets of Commodities Online and has identified the Receivership's liabilities.  Pursuant to his obligations under the Receivership Order, the Receiver attaches this report a Summary Accounting of Receipts and Distributions as Exhibit 2 to this Report, including a schedule of the distributions sent to claimants.

The Receivership's assets included:

> **Bank Accounts.**   Funds in the Defendants' accounts that were frozen pursuant to the TRO and transferred to the control of the Receiver;

> **Litigation settlements and proceeds, including bankruptcy matters.**  The proceeds of all settlements by the Receiver, including pre-filing of claims and after commencement of litigation.

> **Other Income.**   The return of retainers transferred to attorneys for Commodities Online employees.

The liabilities included:

> **Approved Claims.**  The total of all claims approved by the Court.  This total liability to defrauded investors far exceeded the assets of the Receivership estate.  To date, the Receiver has made pro rata payments on these claims totaling $1,759,317.75;

> **General Disbursements.**   Payments made by the Receiver for services incurred by the Receiver and in payment of taxes;

Mandel & Mandel LLP
1200 Alfred I. duPont Building   ·   169 East Flagler Street   ·   Miami, Florida   ·   Telephone 305.374.7771

**Paid Professional Fees.**  Payments made pursuant to Court order as compensation to the Receiver, his counsel, forensic accountants and computer consultants.

Here is a summary of the Receivership's receipts and disbursements**:**

**Receipts:**

| | |
|---|---|
| Turnover of funds from frozen accounts | $2,434,315.63 |
| Litigation settlements | 928,871.01 |
| Return of Retainer and/or Trust Funds | 26,816.44 |
| Interest Income | 476.22 |
| Refunds (misc) | 396.62 |
| **Total Receipts** | $3,390,875.92 |

**Disbursements:**

| | |
|---|---|
| Distributions to Claimants | $1,759,344.71 |
| Professional fees and expenses | 1,526,339.49 |
| Receiver's fees | 95,120.00 |
| Taxes | 5,043.09 |
| Other expenses | 5,028.63 |
| **Total Disbursements** | 3,390,875.92 |

In conclusion, over the course of the Commodities Online Receivership, the estimated assets of the Defendants including accrued interest totaled $3,390,875.92.  The Receiver distributed $1,759,344.71 to holders of approved claims.  Following the Court's granting the Receiver's and his professionals' motions for final payments, the Receivership's disbursements including distribution of claims, and payment of professional fees and expenses totaled $3,390,875.92.  At this time, no funds remain in the Receivership.

Mandel & Mandel LLP
1200 Alfred I. duPont Building  ·  169 East Flagler Street  ·  Miami, Florida  ·  Telephone 305.374.7771

**E.      The Receiver has filed all necessary tax returns.**

On behalf of the Receiver, KapilaMukamal prepared and filed federal and state tax returns for Commodities Online for the years 2012 through 2017.

**F.      The Receiver seeks the Court's approval to erase and dispose of remaining computers and files.**

The Receiver currently possesses ten (10) computers and 54 boxes of documents taken from the Defendants' offices.   The Receiver seeks the Court's approval to erase and destroy all computers and dispose of all documents.

## IV.  THE RECEIVER'S MOTION TO TERMINATE THE RECEIVERSHIP AND RELIEVE THE RECEIVER OF ALL FURTHER OBLIGATIONS

For the reasons stated herein, upon the completion of all outstanding duties, including destruction of remaining computers and paper files, the Receiver respectfully requests to be relieved of all further duties and obligations as Receiver in this matter.  Counsel for the Receiver has conferred with counsel for the Securities and Exchange Commission, James Carlson, Esq., who reviewed this Final Report and Motion and advised the Receiver that the SEC has no objection to the Report or the relief sought herein.

## V.  NOTIFICATION TO ALL APPROVED CLAIMANTS

The Receiver will post a copy of this Final Report and Motion to Close the Receivership on the Receiver's Website (http://www.commoditiesonline.com ).

WHEREFORE, the Receiver respectfully requests that this Court enter an Order approving this Final Report and granting the Receiver's motion to terminate the Receivership, including destruction of the Defendants' computers and documents.  A proposed order is provided for the convenience of the Court.  It has been an honor to serve this Court as Receiver.

Respectfully submitted,

MANDEL & MANDEL LLP
Counsel for the Receiver, David S. Mandel

1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
nsm@mandel.law

By:      */s/ Nina Stillman Mandel*
NINA STILLMAN MANDEL
   Florida Bar No.: 843016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CM/ECF filed this 14th day of August 2018.

*/s/ Nina Stillman Mandel*